[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 7202
This is an action for the dissolution of the marriage of the parties. It was tried on November 19, 1993. The decision herein is based on the record as of that date.
The marriage took place on June 18, 1988 in New London, Connecticut. Both parties have resided in Connecticut since that date. They have been separated since mid-October 1992. There is one child of the marriage, Ashley, born October 7, 1990. The marriage has broken down irretrievably with no hope of reconciliation.
The court has considered the various criteria and factors enumerated in C.G.S. §§ 46b-81 and 46b-82. The following orders are entered effective this date:
1. The marriage of the parties is dissolved.
2. The plaintiff's maiden name of Trinque is restored.
 3. The defendant shall pay the plaintiff $2,500 as lump sum alimony; payment thereof shall be made by October 1, 1994.
 4. The defendant shall pay the plaintiff periodic alimony in the amount of $200.00 per month until December 31, 1997.
 5. The defendant shall, by way of property settlement, pay the plaintiff $25,000; payment of such property settlement shall be made upon defendant's sale or other disposal of any of defendant's properties located on Huntington Street, New London, Connecticut, or by May 1, 2009, whichever occurs first. Defendant shall provide plaintiff with a mortgage in the standard form on the Huntington Street properties to secure this obligation.
 6. Custody of the minor child, Ashley, shall be with the plaintiff-mother.
7. Defendant shall pay $155.00 per week as child support.
8. Defendant shall cause the minor, Ashley, to be continued CT Page 7203 as an insured under the medical insurance available through his employment. The orders required by C.G.S. § 46b-84(c) are included. Uninsured medical expenses shall be paid by the parents equally.
 9. Defendant shall have reasonable rights of visitation which at a minimum will include: (1) eight hours every Sunday, and, (2) on every other holiday, to be alternated annually, i.e., Easter, Memorial Day, July 4th, Labor Day, October 7, Thanksgiving, and Christmas; when defendant does not have visitation on the holiday itself, he shall have visitation on either the day before of after.
 10. Defendant shall have the income tax child deduction for Ashley.
 11. Defendant shall maintain all life insurance in effect on November 19, 1993 with Ashley named as beneficiary thereof during her minority.
Judgment shall enter in accordance with
Parker, J.